IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PERRY L. BROWN,** ) | |
| No. N98544, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 13-cv-00793-GPM |
| ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On August 5, 2013, Plaintiff Perry L. Brown, an inmate in the custody of the Illinois Department of Corrections, housed at Lawrence Correctional Center, filed a document captioned "Preliminary Injunction/Temporary Restraining Order" (Doc. 1). The Court construes the nearly incomprehensible pleading as a motion seeking to have Plaintiff transferred to a prison that is compliant with the Americans with Disabilities Act, for medical care for an unspecified "serious medical need."

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.,* Advisory Committee Notes, 1937 Adoption. Although the Court has discerned a general claim, Plaintiff's pleading cannot suffice as a complaint. Plaintiff does not clearly assert a specific claim against a specific defendant—it actually appears that the antipsychotic drugs Halperidol and Respidol are named as defendants. Although *pro se* litigants are not held to the same standards applied to licensed attorneys (*Kyle v. Patterson*, 196 F.3d 695,

697 (7th Cir. 1999)), they are not entitled to general dispensation from the rules of procedure (*Jones v. Phipps*, 39 F.3d 158 163 (7th Cir. 1994)).

Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago,* 431 F.3d 1065, 1069-70 (7th Cir. 2005). More to the point, the Court cannot consider an application for injunctive relief in the absence of a complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for preliminary injunction/temporary restraining order (Doc. 1) is **DENIED** without prejudice. On or before August 27, 2013, Plaintiff shall file a complaint, thereby properly initiating an action. If Plaintiff still seeks a temporary restraining order or other injunctive relief, he must file a new motion, along with the complaint. Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction; such a dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations.

**IT IS SO ORDERED.**

**DATED:  August 6, 2013**

s/ G. PATRICK MURPHY
**G. PATRICK MURPHY**
**UNITED STATES DISTRICT JUDGE**