IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PERRY L. BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 13-cv-0793-NJR ) |
| MENARD PHYCHE CORRECTIONAL CENTER, and PHIP MARTIN COE, | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on three motions filed by Plaintiff, Perry Brown: (1) a Petition for Review (Doc. 39); (2) a Motion to Appoint Counsel (Doc. 42); and (3) a "motion" filed at Doc. 52. For the reasons explained below, the Petition for Review is stricken, the Motion to Appoint Counsel is denied, and the "motion" is denied.

## Procedural History

On August 5, 2013, Brown filed suit by submitting a Motion for a Preliminary Injunction and a Temporary Restraining Order to the Court. On August 6, 2013, the Court denied the motion and directed Brown to file a complaint to properly initiate an action. Brown never filed a complaint, and so the Court entered judgment in this case on September 13, 2013, more than four years ago. (*See* Doc. 5). Brown filed various documents he called complaints after that time, but the Court struck all of them on various grounds. (*See* Doc. 23). On March 4, 2016, Brown filed a Notice of Appeal, presumably regarding the original September 2013 judgment (*see* Doc. 17); that appeal was dismissed by the Court of Appeals (*see* Doc. 24) for failure to pay a filing fee. Brown then filed another Notice of Appeal on November 9, 2016 (Doc. 27), with the same result.

The mandate of the Court of Appeals was issued on January 18, 2017. On August 23, 2017, Brown filed a third Late Notice of Appeal. He also filed a motion for leave to appeal IFP, which the Court denied as in bad faith (*see* Docs. 33, 36). On December 6, 2017, the Court of Appeals dismissed Brown's most recent appeal on the grounds that it was untimely.

## **The Motions**

Brown filed a "Petition for Review" on September 6, 2017. That document includes a "Motion to Recall the Mandate," which despite its title requests no relief and merely lists portions of the tests to invoke diversity and federal question jurisdiction in the federal courts. (Doc. 39, p. 2). The next section of the document is entitled "Memorandum in support of PLRA motion for leave to proceed on appeal in forma pauperis," but rather than address that topic, Brown includes a two-paragraph excerpt from what appears to be an appellate decision of an unknown habeas proceeding. (Doc. 39, p. 3). The next section is a copy of Brown's August 23, 2017 motion to proceed IFP, which was denied prior to the filing of the "Petition," with the section regarding employment discrimination underlined. (Doc. 39, pp. 4-6). Brown also submitted a copy of Doc. 26. (Doc. 39, p. 8). Finally, Brown submitted an affidavit, but that document is unintelligible—it raises concerns about using generally accepted accounting principles with respect to Brown's medication, post-retirement benefits, and the Federal Communication Commission. (Doc. 39, p. 9).

Brown's Motion to Appoint Counsel is a copy of Doc. 26 again, and a copy of Doc. 17, in which Brown requests the appointment of counsel to assist, amend, investigate, and present petitioner's cognizable claims to the court. (Doc. 42).

During this time, Brown also requested transcripts. (Doc. 41). As this case was dismissed for want of a valid complaint, no court proceedings were ever held and no transcripts created. Thus there are no transcripts in this case.

On December 21, 2017, Brown filed a "Motion." (Doc. 52). It is as difficult to follow as Brown's other filings. Brown's initial statement is "I think it's unfair how the I.D.O.C. treatment for the walk through of life to find that these alleged allegations are not enough to find merit or claim and that its given me thoughts to arrange myself to become a vital claim to myself." (Doc. 52, p. 1). Brown appears to be arguing that it was unfair for the Court to deny him IFP when it never made a determination about whether Brown's rights were violated as a result of some treatment. *Id.* The rest of the filings makes allusions to defendant's medical treatment and mental health treatment, but devolves into gibberish. (Doc. 52, p. 2) ("'Model year' 'owner' 'residents' 'registration' inspection area' performance of inspection.") Brown also includes an affidavit in which he alleges that he has been given the drug Haloperidol[1] for his disposition, but that the drug was outlawed for "malpractice" and also because it was used in lethal injection. (Doc. 52, p. 9).

**<u>Analysis</u>**

Brown's "Petition" at Doc. 39 does not request any relief, in violation of Federal Rule of Civil Procedure 7(b). For this reason, it is not a proper motion, and it shall be stricken.

Brown's Motion to Appoint Counsel nominally requests counsel. Unfortunately, however, the body of the motion is nothing more than previously-filed documents; there is no new or recent information in support of Brown's request. The Motion is also deficient in that it fails to make the required threshold showing. In determining whether to recruit counsel, the

---

[1] An antipsychotic.

3

Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655. Here, Brown has not alleged that he has tried to recruit counsel on his own.

Moreover, this case has been dismissed, and the Seventh Circuit has recently found that Brown is past his time to appeal the decision dismissing this case. Brown has provided no reason for re-opening this case. It would not aid Brown to appoint him an attorney at this time. There is nothing for an attorney to do in this case because the case is closed, and the time for appealing has passed.

Finally, turning to Doc. 52, like Brown's "Petition," this document also contains no recognizable request for relief pursuant to Federal Rule of Civil Procedure 7. It does, however, contain the kernel of a valid claim—Brown alludes to his medical treatment and medication. But Brown's original request for a preliminary injunction alleged that Brown was housed in a prison that was not Americans with Disabilities Act ("ADA") compliant, a matter that has little to do with subject of the Motion. When the case was open, Brown failed to submit a valid complaint regarding his medical treatment and/or medication, and so those things are not at issue in this case. To the extent that Brown is attempting to bring fresh allegations in Doc. 52, he cannot bring them here because this case is closed. Brown should file a new case if he wishes to bring medication-based claims. Brown also vaguely alludes to his financial status, but neither the initial suit nor his most recent appeal was dismissed for failure to pay. While the Court is

certainly sympathetic to the inference that Brown suffers from a mental illness, the motion does not contain enough facts to state a plausible claim and fails to articulate any grounds for pursuing that claim in this closed case. For that reason, Brown's Motion (Doc. 52) is denied.

Brown is further warned that if he continues to file documents in this closed case, he risks sanctions. This case was dismissed on September 13, 2013. Since that time, Brown has filed three appeals, the last two of which appear to be appeals of appellate court decisions. He also has continued to file motions and other pleadings. This case is closed. Motions seeking relief are therefore frivolous. Brown's notices of appeal have been found untimely, and it is frivolous to continue to appeal the same decision over and over. Should Brown keep filing frivolous motions, the Court will consider imposing sanctions, including fines or civil contempt. *See U.S. ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669 (7th Cir. 1995). Courts also have inherent powers to protect themselves from vexatious litigation. *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997); *Support Systems Int'l Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

## Disposition

For the reasons set forth above, Brown's Petition for Review (Doc. 39) is **STRICKEN**. Brown's Motion to Appoint Counsel and Motion (Doc. 42, 52) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  December 27, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**